## Thomas Fitzgerald by Sarah Fitzgerald, Appellee, v. Marshall E. Sampsell, Receiver, Appellant.

### Gen. No. 19,363.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 3, 1915. Rehearing denied February 18, 1915.

### Statement of the Case.

Action by Thomas Fitzgerald, a minor, suing by Sarah Fitzgerald, his next friend, against Marshall E. Sampsell, as receiver of Chicago Union Traction Company, to recover for personal injuries. From a judgment for twenty-seven hundred and fifty dollars in favor of plaintiff, defendant appeals. While defendant's street car had stopped at an appropriate and customary place to discharge passenger, plaintiff, of the age of about six and one-half years, was thrown to the pavement, with his mother, who was assisting him to alight, because of the starting of the car at the conductor's signal.

The undisputed evidence of the father and mother of plaintiff and a nurse who attended him showed that he was bruised on the hip, groin and knee and for a long time was sore in those parts, and that he was confined to his bed the larger part of the time for a month or more; that the bruise on the knee became infected and did not heal for several weeks; that parts of his body near the bruise on the hip became black and blue and there was a swelling in the groin; that he from the moment of the injury has walked with a limp; that a year or more after the accident the mother of plaintiff claimed to have noticed a curvature of his spine and an apparent shortening of one of his legs, and that prior to the injury he was a sound, healthy boy. The evidence

tended to show that the neck of the right femur between the ball of the hip joint and the great trachanter was shorter than natural by a half inch, and that where the right femur connects with the pelvic bone that bone is higher than its counterpart on the left side of the body.

CHARLES L. MAHONY and WILLIAM H. SYMMES, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MORSE IVES, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 404*—*liability for negligence in starting car.* Where a child of tender years was thrown from a street car to the pavement because of the starting of the car while he, with the assistance of his mother, was alighting therefrom and the car was started because of the negligent order of the conductor, *held* that the child was entitled to recover such damages as such starting of the car was the proximate cause.

2. CARRIERS, § 390*—*duty towards passenger alighting from street car.* Where there was no doubt as to the act of a street car conductor in causing the car to start while a passenger was attempting to alight therefrom being negligence under any view of the duty of the carrier to its passenger, an instruction that it was the duty of the carrier to exercise for the safety of its passengers the highest degree of care "consistent with the operation of the road," is *held* not to require a reversal, although erroneous, the rule being that such carrier must use the highest degree of care for the safety of its passengers consistent with the *practical* operation of the road.

3. CARRIERS, § 390*—*duty towards alighting passengers.* It is the duty of a carrier, when its street car has been stopped to permit passengers to alight therefrom, to see that the same is not started while such passengers are in the act of so alighting.

4. INSTRUCTIONS, § 52*—*effect of use of mandatory word.* An instruction regarding the elements the jury might take into con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sideration in determining whether plaintiff had proved his case by a preponderance of the evidence, the use of the words "*should* take into consideration" is *held* not to be reversible error, although "may" or some equivalent should have been used instead of a mandatory word such as "should."

5. INSTRUCTIONS, § 41*—*province of jury as judges of facts.* An instruction informing the jury that they are, "under the instructions of the court and from the evidence," the sole judges of the facts is not faulty as making the jury "the sole judges of all questions of fact."

6. DAMAGES, § 110*—*where verdict not excessive for permanent injuries.* Where plaintiff, of tender years, from the time of an accident had walked with a limp and had a curvature of the spine and shortening of a leg, with other permanent injuries, while he had previously been a sound, healthy boy, a verdict for twenty-seven hundred and fifty dollars *held* not excessive.